PHOEBE A. COUSINS, Respondent, v. THIRD AVENUE RAILROAD COMPANY, Appellant.

*N. Y. Supreme Court, Second Department, General Term, June 22, 1889.*

1. *Verdict. When not disturbed.*—When there is a conflict of evidence, and the main question is one clearly for the jury as to the credibility of the plaintiff as a witness, their verdict will not be disturbed by the appellate court.
2. *Charge. Misstatement of evidence.*—Where an alleged misstatement of the evidence in the judge's charge is called to his attention, and he thereupon refers the jurors to their own memory of the testimony, the error, if any, is thereby corrected.
3. *Evidence. No objection.*—The competency of evidence, admitted without objection, cannot be raised at the general term.

Action to recover damages for injuries sustained from being thrown down by a rail of one of defendant's tracks in the city of New York.

Appeal from a judgment entered on a verdict.

*Hoadley, Laulterback & Johnson*, for appellant.

*M. L. Towns,* for respondent.

PRATT, J.—We see no grounds upon which to interfere with this judgment. The plaintiff's testimony was believed by the jury. It was sufficient to justify the jurors in finding that plaintiff tripped and fell in consequence of the loose rail which defendants' own witness say they loosed from its place in defendants' track, acting under defendants' authority. There was conflict of evidence. Plaintiff was not corroborated by other witnesses, with respect to the precise place where she fell. Others located the spot on other tracks. But assuming the truth of plaintiff's story that she tripped over the loose rail, the defendants locate it on defendants' track. There is no suggestion of a loose rail over which she might have tripped at any other place in the vicinity. Hence, the main question was one of credibility of the plaintiff as a witness, and that was clearly for the jury.

We have looked, also, at the exceptions, and taking the whole charge together, we find no fault in it. The alleged misstatement of the evidence by the learned trial judge was called to his attention and he corrected the error, if any, by referring the jurors to their own memory of the testimony.

As to the point on the value of plaintiff's dress, the cost thereof was in evidence without objection. The question of the competency of this fact, as evidence, cannot, therefore, be raised. Presumably defendant was satisfied, for some purpose of its own, that the cost should appear. Being thus properly in the case, the cost was some evidence of value, taken in connection with the use to which it had been subjected. We are not inclined to interfere on this exception.

Judgment and order denying motion for new trial affirmed, with costs.

All concur.